UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

LINDSEY DAMONE,

    Petitioner,

v.                                         CIVIL ACTION NO. 5:23-cv-00482

WARDEN HECKARD,
FCI Beckley,

    Respondent.

## ORDER

Pending are Petitioner Lindsey Damone's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1], filed July 12 2023, Petitioner's Supplemental Section 2241 Petition [Doc. 9], filed July 21, 2023, and Respondent Warden Heckard's Motion to Dismiss [Doc. 14], filed September 6, 2023. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on November 29, 2023. Magistrate Judge Aboulhosn recommended that the Court grant Respondent's Motion to Dismiss, deny Petitioner's Petition for a Writ of Habeas Corpus and Supplemental Petition, and dismiss this action.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis

added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on December 18, 2023. No objections were filed.[1]

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 22**], **GRANTS** Respondent's Motion to Dismiss [**Doc. 14**], **DENIES** Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [**Doc. 1**], **DENIES** Petitioner's Supplemental Section 2241 Petition [**Doc. 9**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:     January 8, 2024

Frank W. Volk
United States District Judge

---

[1] The Court notes that an order granting, in part, Petitioner's Motion for Leave to File Response to Respondent's Motion to Dismiss Out of Time [Doc. 17] was thrice served on Petitioner by mail and returned as undeliverable. The PF&R was also served on Petitioner by mail and returned as undeliverable. "A party who represents himself or herself shall file with the clerk his or her complete name and address where pleadings, notices, orders, and other papers may be served on him or her . . . . A pro se party must advise the clerk promptly of any changes in . . . address . . . ." S.D. W. Va. LR Civ P 83.5.